## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JANE DOE**                                              **CIVIL ACTION**

**VERSUS**                                                **NO. 18-1009-BAJ-RLB**

**COMPANION ANIMAL ALLIANCE**

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 21, 2019.

                                                                    _____
                                                                    **RICHARD L. BOURGEOIS, JR.**
                                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANE DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1009-BAJ-RLB** |
| **COMPANION ANIMAL ALLIANCE** | |

**REPORT AND RECOMMENDATION**

Plaintiff's complaint was filed on August 15, 2018 in the 19th Judicial District Court, Parish of East Baton Rouge. Based on the sensitive health information that is the subject of this lawsuit, plaintiff proceeded as a Jane Doe. The record reflects that on August 20, 2018, plaintiff's counsel sent a copy of the petition to the plaintiff that explained that the "firm has tried numerous times to get in touch with you" but "have been unable to do so." (R. Doc. 1-4 at 10). It does not appear that plaintiff ever approved filing suit, but instead that her attorneys did so under the belief that counsel had an "ethical obligation to file suit in order to preserve your claim." (R. Doc. 1-4 at 10).

On September 27, 2018 (R. Doc. 1-4 at 7), plaintiff's counsel filed a motion to withdraw stating that "counsel has been unable to contact Jane Doe, and in order to preserve her claim filed suit on her behalf prior to the claim's prescription date." On October 8, 2018, David C. Spinner, Galen M. Hair, Joshua L. Holmes, and the law firms of Scott, Vicknair, Hair & Checki and CrescentCare Legal Services were allowed to withdraw as counsel of record for plaintiff. On November 9, 2018, defendant Companion Animal Alliance filed the Notice of Removal. (R. Doc. 1). As plaintiff's counsel withdrew prior to removal of this matter to this court, plaintiff is proceeding pro se.

On November 26, 2018, this court issued an order for defendant to file plaintiff's contact information UNDER SEAL and upon the filing of plaintiff's contact information, a telephone conference would be set. Defendant filed plaintiff's contact information UNDER SEAL. On January 7, 2019, this court issued an order directing the Clerk of Court to mail a copy of the complete docket in this matter and a copy of the docket sheet to Jane Doe at the address provided UNDER SEAL. In the same order, this court set a telephone status conference for January 24, 2019 and directed counsel for defendant to initiate the call to Jane Doe and then to the Court. (R. Doc. 8).

On January 24, 2019, the Court held a telephone conference. (R. Doc. 10). Plaintiff failed to participate in the telephone conference as ordered. Attempts by both defense counsel and the Court to contact Plaintiff were unsuccessful. In the Court's order from the conference (R. Doc. 10), the Court noted "that based on the record in this case, it does not appear that plaintiff has made any efforts to prosecute this case and did not specifically approve the filing of the Petition for Damages in state court. (R. Doc. 1-4 at 10) (letter from original plaintiff's counsel indicating that they have been unable to contact plaintiff and only filed the lawsuit "in order to preserve your claim.").

Further, the Court ordered Plaintiff, Jane Doe, to personally appear before the undersigned Magistrate Judge and show cause why sanctions should not be imposed or this matter dismissed due to her failure to comply with the Court's prior order or failure to prosecute this matter. The Clerk of Court was requested and directed to serve a copy of the Court's Order (R. Doc. 10) by regular and certified mail return receipt requested at the address provided UNDER SEAL to the Court. Plaintiff was advised "that failure to appear could result in the dismissal of this matter without further notice. If Plaintiff does not desire to pursue this litigation, plaintiff may also notify the Court, in writing, in advance of the conference."

Fed. R. Civ. P. 16 provides that "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order.

Plaintiff has taken no action in this matter in state court or in this court and has repeatedly ignored orders issued by the court. In addition, the Court notes that notice of the Court's orders that were sent to plaintiff at the address provided UNDER SEAL have been returned (R. Docs. 11, 12). Further, there has been no other address for plaintiff provided to the Court. As a practical matter, the case cannot proceed against the defendant if the plaintiff does not prosecute it or respond to the court's orders regarding disposition of the case. Plaintiff's failure to prosecute her own claims effectively deprives the defendant of the opportunity to defend itself from the allegations made against it. The plaintiff has repeatedly failed to respond to court orders and has failed to prosecute this action.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice. The Clerk of Court shall send a copy of this Report and Recommendation to the address of the plaintiff previously filed under seal.

Signed in Baton Rouge, Louisiana, on February 21, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**